```
             IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF KANSAS


TISHA KELLER,

                    Plaintiff,

vs.                                    Case No. 13-1313-SAC

CAROLYN W. COLVIN,
Acting Commissioner of
Social Security,

                    Defendant.
```

MEMORANDUM AND ORDER

This is an action reviewing the final decision of the Commissioner of Social Security denying the plaintiff disability insurance benefits and supplemental security income payments. The matter has been fully briefed by the parties.

**I. General legal standards**

The court's standard of review is set forth in 42 U.S.C. § 405(g), which provides that "the findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." The court should review the Commissioner's decision to determine only whether the decision was supported by substantial evidence and whether the Commissioner applied the correct legal standards. Glenn v. Shalala, 21 F.3d 983, 984 (10th Cir. 1994). Substantial evidence requires more than a scintilla, but less than a preponderance, and is satisfied by

such evidence that a reasonable mind might accept to support the conclusion.  The determination of whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it really constitutes mere conclusion.  <u>Ray v. Bowen</u>, 865 F.2d 222, 224 (10th Cir. 1989).  Although the court is not to reweigh the evidence, the findings of the Commissioner will not be mechanically accepted.  Nor will the findings be affirmed by isolating facts and labeling them substantial evidence, as the court must scrutinize the entire record in determining whether the Commissioner's conclusions are rational.  <u>Graham v. Sullivan</u>, 794 F. Supp. 1045, 1047 (D. Kan. 1992).  The court should examine the record as a whole, including whatever in the record fairly detracts from the weight of the Commissioner's decision and, on that basis, determine if the substantiality of the evidence test has been met.  <u>Glenn</u>, 21 F.3d at 984.

The Social Security Act provides that an individual shall be determined to be under a disability only if the claimant can establish that they have a physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity (SGA).  The claimant's physical or mental impairment or impairments must be of such severity that

they are not only unable to perform their previous work but cannot, considering their age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy.  42 U.S.C. § 423(d).

The Commissioner has established a five-step sequential evaluation process to determine disability.  If at any step a finding of disability or non-disability can be made, the Commissioner will not review the claim further.  At step one, the agency will find non-disability unless the claimant can show that he or she is not working at a "substantial gainful activity."  At step two, the agency will find non-disability unless the claimant shows that he or she has a "severe impairment," which is defined as any "impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities."  At step three, the agency determines whether the impairment which enabled the claimant to survive step two is on the list of impairments presumed severe enough to render one disabled.  If the claimant's impairment does not meet or equal a listed impairment, the inquiry proceeds to step four, at which the agency assesses whether the claimant can do his or her previous work; unless the claimant shows that he or she cannot perform their previous work, they are determined not to be disabled.  If the claimant survives step four, the fifth and final step

requires the agency to consider vocational factors (the claimant's age, education, and past work experience) and to determine whether the claimant is capable of performing other jobs existing in significant numbers in the national economy. Barnhart v. Thomas, 124 S. Ct. 376, 379-380 (2003).

The claimant bears the burden of proof through step four of the analysis. Nielson v. Sullivan, 992 F.2d 1118, 1120 (10th Cir. 1993). At step five, the burden shifts to the Commissioner to show that the claimant can perform other work that exists in the national economy. Nielson, 992 F.2d at 1120; Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993). The Commissioner meets this burden if the decision is supported by substantial evidence. Thompson, 987 F.2d at 1487.

Before going from step three to step four, the agency will assess the claimant's residual functional capacity (RFC). This RFC assessment is used to evaluate the claim at both step four and step five. 20 C.F.R. §§ 404.1520(a)(4), 404.1520(e,f,g); 416.920(a)(4), 416.920(e,f,g).

## II. History of case

On January 6, 2012, administrative law judge (ALJ) James Harty issued his decision (R. at 11-24). Plaintiff alleges that she had been disabled since September 7, 2009 (R. at 11). Plaintiff is insured for disability insurance benefits through December 31, 2013 (R. at 13). At step one, the ALJ found that

plaintiff did not engage in substantial gainful activity since the alleged onset date (R. at 13). At step two, the ALJ found that plaintiff had the following severe impairments: migraines, fibromyalgia, disorder of the lumbar spine and Epstein-Barr virus (R. at 13). At step three, the ALJ determined that plaintiff's impairments do not meet or equal a listed impairment (R. at 15). After determining plaintiff's RFC (R. at 16), the ALJ determined at step four that plaintiff is able to perform past relevant work as a secretary and receptionist (R. at 21). In the alternative, at step five, the ALJ found that plaintiff can perform jobs that exist in significant numbers in the national economy (R. at 22-23). Therefore, the ALJ concluded that plaintiff was not disabled (R. at 23).

**III.  Are the ALJ's RFC findings supported by substantial evidence?**

According to SSR 96-8p, the RFC assessment "must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts...and nonmedical evidence." The ALJ must explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved. The RFC assessment must always consider and address medical source opinions. If the RFC assessment conflicts with an opinion from a medical source, the ALJ must explain why the opinion was not adopted. SSR 96-8p,

5

1996 WL 374184 at *7.  SSR rulings are binding on an ALJ.  20 C.F.R. § 402.35(b)(1); Sullivan v. Zebley, 493 U.S. 521, 530 n.9, 110 S. Ct. 885, 891 n.9, 107 L. Ed.2d 967 (1990); Nielson v. Sullivan, 992 F.2d 1118, 1120 (10th Cir. 1993).  When the ALJ fails to provide a narrative discussion describing how the evidence supports each conclusion, citing to specific medical facts and nonmedical evidence, the court will conclude that his RFC conclusions are not supported by substantial evidence.  See Southard v. Barnhart, 72 Fed. Appx. 781, 784-785 (10th Cir. July 28, 2003).  The ALJ's decision must be sufficiently articulated so that it is capable of meaningful review; the ALJ is charged with carefully considering all of the relevant evidence and linking his findings to specific evidence.  Spicer v. Barnhart, 64 Fed. Appx. 173, 177-178 (10th Cir. May 5, 2003).  It is insufficient for the ALJ to only generally discuss the evidence, but fail to relate that evidence to his conclusions.  Cruse v. U.S. Dept. of Health & Human Services, 49 F.3d 614, 618 (10th Cir. 1995).  When the ALJ has failed to comply with SSR 96-8p because he has not linked his RFC determination with specific evidence in the record, the court cannot adequately assess whether relevant evidence supports the ALJ's RFC determination.  Such bare conclusions are beyond meaningful judicial review. Brown v. Commissioner of the Social Security Administration, 245 F. Supp.2d 1175, 1187 (D. Kan. 2003).

In his RFC findings, the ALJ limited plaintiff to light work, with occasional pushing and pulling with the upper and lower extremities, and occasional climbing of ramps and stairs. She must avoid climbing of ladders, ropes and scaffolds, she can engage in occasional overhead reaching, and she should avoid concentrated exposure to cold temperature extremes, extreme wetness and vibration (R. at 16).

In making his RFC findings, the ALJ gave "significant" weight to the opinions of Dr. Goering and Dr. Parsons (R. at 21). Dr. Goering prepared a state agency assessment which included a narrative summary of the evidence and analyzed plaintiff's credibility in light of the record (R. at 397-404). Dr. Parsons reviewed and affirmed the assessment (R. at 405). The ALJ indicated that he included additional exertional, postural, manipulative and environmental restrictions, as the ALJ found that these activities would likely exacerbate the plaintiff's fibromyalgia pain (R. at 21).

The only other medical opinion evidence was a statement from a treating physician, Dr. Bossemeyer, who stated that "this patient has a very difficult time because of her migrainous headaches and her fibromyalgia and depression in sustaining any gainful employment" (R. at 441). The ALJ gave little weight to his opinion, noting that he had only treated the patient on four occasions in 2011, and that his opinion was quite conclusory,

with no explanation of how he arrived at his findings.  The ALJ stated that he failed to provide any clinical signs, findings, or other factors substantiating the degree of limitation assessed (R. at 21).

Treating source opinions on issues that are reserved to the Commissioner, including whether a claimant is disabled,[1] should be carefully considered and must never be ignored, but they are never entitled to controlling weight or special significance.  Giving controlling weight to such opinions would, in effect, confer upon the treating source the authority to make the determination or decision about whether an individual is under a disability, and thus would be an abdication of the Commissioner's statutory responsibility to determine whether an individual is disabled.  SSR 96-5p, 1996 WL 374183 at *2-3.

A treating physician's report may be rejected if it is brief, conclusory, and unsupported by medical evidence.  Griner v. Astrue, 281 Fed. Appx. 797, 800 (10th Cir. June 12, 2008); Bernal v. Bowen, 851 F.2d 2997, 301 (10th Cir. 1988).  When a treating physician offered only an opinion on the ultimate issue of disability, and did not express any opinion concerning plaintiff's physical or mental capabilities, one court found that the ALJ's decision to give the opinion on the ultimate

---

[1] Issues reserved to the Commissioner include: (1) whether an claimant's impairment meets or is equivalent in severity to a listed impairment, (2) a claimant's RFC, (3) whether a claimant can perform past relevant work, and (4) whether a claimant is disabled.  SSR 96-5p, 1996 WL 374183 at *2.

issue of disability little weight was supported by substantial evidence.  <u>Franklin v. Astrue</u>, 450 Fed. Appx. 782, 785 (10th Cir. Dec. 16, 2011).

Dr. Bossemeyer stated that plaintiff has a very difficult time in sustaining employment.  First, he did not state that plaintiff could not work.  Second, the physician only offered a conclusory opinion that she would have a very difficult time in sustaining employment, and did not express any opinion concerning plaintiff's physical or mental capabilities.  Given the lack of any medical opinion evidence that plaintiff had limitations that prevented her from working, and the presence of medical opinion evidence that plaintiff had limitations which would not preclude work, the court finds that substantial evidence supports the ALJ's decision to give the opinion of Dr. Bossemeyer little weight.

Plaintiff contends that the ALJ erred by relying on the state agency assessment prepared by Dr. Goering, a non-examining physician.  Unlike <u>Fleetwood v. Barnhart</u>, 211 Fed. Appx. 736, 740 (10th Cir. Jan. 4, 2007), this is not a case in which the ALJ only relied on a check-the-box form with little or no explanation for the conclusions reached.  Dr. Goering included a narrative discussion of the evidence in support of his findings (R. at 404).

Furthermore, none of the medical evidence contradicts the ALJ's RFC findings, or indicates that plaintiff has physical or mental limitations not set forth in the RFC findings. When the ALJ does not need to reject or weigh evidence unfavorably in order to determine a claimant's RFC, the need for express analysis is weakened. Wall v. Astrue, 561 F.3d 1048, 1068-1069 (10th Cir. 2009); Howard v. Barnhart, 379 F.3d 945, 947 (10th Cir. 2004). The court finds no clear error by the ALJ in giving the findings of Dr. Goering and Dr. Parsons substantial weight.

As noted above, the ALJ included additional exertional, postural, manipulative and environmental limitations not included in Dr. Goering's assessment. These limitations are in plaintiff's favor. When a medical opinion adverse to the claimant has properly been given substantial weight, the ALJ does not commit reversible error by electing to temper its extremes for the claimant's benefit. The ALJ is not even required to provide an explanation for extending the claimant such a benefit. Furthermore, there is no requirement for a direct correspondence between a RFC finding and a specific medical opinion on the functional capacity in question. Chapo v. Astrue, 682 F.3d 1285, 1288-1289 (10th Cir. 2012). In conclusion, the court finds that substantial evidence supports the ALJ's RFC findings.

## IV. Are the ALJ's credibility findings supported by substantial evidence?

Credibility determinations are peculiarly the province of the finder of fact, and a court will not upset such determinations when supported by substantial evidence. However, findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings. Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995). Furthermore, the ALJ cannot ignore evidence favorable to the plaintiff. Owen v. Chater, 913 F. Supp. 1413, 1420 (D. Kan. 1995).

When analyzing evidence of pain, the court does not require a formalistic factor-by-factor recitation of the evidence. So long as the ALJ sets forth the specific evidence he relies on in evaluating the claimant's credibility, the ALJ will be deemed to have satisfied the requirements set forth in Kepler. White v. Barnhart, 287 F.3d 903, 909 (10th Cir. 2002); Qualls v. Apfel, 206 F.3d 1368, 1372 (10th Cir. 2000). Furthermore, the ALJ need not discuss every relevant factor in evaluating pain testimony. Bates v. Barnhart, 222 F. Supp.2d 1252, 1260 (D. Kan. 2002). An ALJ must therefore explain and support with substantial evidence which part(s) of claimant's testimony he did not believe and why. McGoffin v. Barnhart, 288 F.3d 1248, 1254 (10th Cir. 2002). It is error for the ALJ to use standard boilerplate

11

language which fails to set forth the specific evidence the ALJ considered in determining that a claimant's complaints were not credible. Hardman v. Barnhart, 362 F.3d 676, 679 (10th Cir. 2004). On the other hand, an ALJ's credibility determination which does not rest on mere boilerplate language, but which is linked to specific findings of fact fairly derived from the record, will be affirmed by the court. White, 287 F.3d at 909-910.

The court will not reweigh the evidence or substitute its judgment for that of the Commissioner. Hackett v. Barnhart, 395 F.3d 1168, 1173 (10th Cir. 2005); White v. Barnhart, 287 F.3d 903, 905, 908, 909 (10th Cir. 2002). Although the court will not reweigh the evidence, the conclusions reached by the ALJ must be reasonable and consistent with the evidence. See Glenn v. Shalala, 21 F.3d 983, 988 (10th Cir. 1994)(the court must affirm if, considering the evidence as a whole, there is sufficient evidence which a reasonable mind might accept as adequate to support a conclusion). The court can only review the sufficiency of the evidence. Although the evidence may support a contrary finding, the court cannot displace the agency's choice between two fairly conflicting views, even though the court may have justifiably made a different choice had the matter been before it de novo. Oldham v. Astrue, 509 F.3d 1254, 1257-1258 (10th Cir. 2007).

The ALJ extensively discussed plaintiff's physical impairments, her credibility, non-medical opinions and medical opinions (R. at 17-21).  The court finds no clear error in the ALJ's credibility analysis, and the court will not reweigh the evidence.  Significantly, Dr. Goering, whose opinions were accorded significant weight, also found plaintiff not fully credible (R. at 404).  The court finds that the balance of the ALJ's credibility analysis is supported by substantial evidence.  See Barnum v. Barnhart, 385 F.3d 1268, 1274 (10th Cir. 2004).

IT IS THEREFORE ORDERED that the judgment of the Commissioner is affirmed pursuant to sentence four of 42 U.S.C. § 405(g).

Dated this 2nd day of September 2014, Topeka, Kansas.

s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge